**UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF COLUMBIA**

**KANDI BAR, LLC**,
1835 7th St. NW, #183
Washington, DC 20001

**Plaintiff**,

**v.**

**SHAOGUANG WU, an individual, dba "SMAODSGN" on Amazon.com**,
Room 501, Ruiji Factory,
Building D, No. 3,
Zaohekeng, Jixia Community,
Nanwan Subdistrict, Shenzhen,
Guangdong, China 518000,

**WANG WEI**,
Room 602, Building 2,
Defuyuan, Dexing Garden,
Xihuan Road,
Longgang District, Shenzhen,
Guangdong, China 518172,

**SHENZHENSHI ZHUOCHENGJIAJU-YOUXIANGONGSI (Shenzhen City Zhuocheng Home Furnishing Co., Ltd.)**,
Room 501, Ruiji Factory,
Building D, No. 3,
Zaohekeng, Jixia Community,
Nanwan Subdistrict, Shenzhen,
Guangdong, China 518000,

**and**

**JOHN DOES 1–10 (including the legal seller of record for the Amazon storefront "SMAODSGN" and any individuals or entities controlling, controlled by, or acting in concert with Defendant Wu)**,

**Defendants**.

## COMPLAINT

Plaintiff, **KANDI BAR, LLC** (hereinafter, "Plaintiff" or "Kandi Bar"), by and through undersigned counsel, brings this Complaint against Defendant **SHAOGUANG WU**, individually and doing business as "SMAODSGN" on Amazon.com ("Defendant Wu" or the "SMAODSGN Storefront"); Defendant **WANG WEI**, individually and as the U.S. trademark registrant of "SMAODSGN" ("Defendant Wang Wei"); Defendant **SHENZHENSHI ZHUOCHENGJIAJUYOUXIANGONGSI** (Shenzhen City Zhuocheng Home Furnishing Co., Ltd.) ("Defendant Zhuocheng"); and Defendants **JOHN DOES 1–10** (hereinafter, "Defendants John Does") (all Defendants hereinafter collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is a civil action regarding the ongoing copyright infringement of Plaintiff's bracelet designs by Defendants on the website www.amazon.com (hereinafter, "AMAZON").

2. The term "kandi" is a generic industry term describing a category of colorful, beaded bracelets that are traditionally traded by attendees at electronic dance music (EDM) events, music festivals, and raves. Plaintiff kandi bar has continuously sold its highly curated, pre-made packages of kandi bracelets featuring specific explicit, humorous, and culturally relevant phrases since 2018, achieving significant commercial success and widespread consumer recognition.

3. Defendants operate an ongoing scheme to manufacture and distribute infringing knock-off goods. Defendants accessed Plaintiff's copyrighted works as displayed in Plaintiff's Amazon product images and listings, engaged in wholesale copying of original creative content from Plaintiff's Registered Works — including the verbatim reproduction of multiple original phrases drawn directly from Plaintiff's main listing photographs — and manufactured physical replicas to sell in direct competition with Plaintiff.

4. When Plaintiff successfully enforced its intellectual property rights through Amazon's DMCA takedown procedures, Defendant Wu submitted a sworn counter-notification under penalty of perjury, containing knowing misrepresentations, to force the restoration of an infringing listing.

5. This action is necessary to halt Defendants' ongoing infringement across all active listings, preserve and account for the illicit proceeds Defendants hold in their Amazon merchant accounts, and recover damages for Defendants' deliberate appropriation of Plaintiff's creative works and trade dress.

6. Plaintiff seeks damages, injunctive relief, attorneys' fees, and costs under (i) the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"); (ii) the Digital Millennium Copyright Act, 17 U.S.C. § 512(f); (iii) the Lanham Act, 15 U.S.C. § 1125(a); and (iv) the common law of unfair competition.

**JURISDICTION AND VENUE**

7. The allegations contained in paragraphs 1-6 are hereby re-alleged as if fully set forth herein.

8. This Court has subject matter jurisdiction over Plaintiff's copyright and DMCA claims pursuant to 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

9. This Court also has subject matter jurisdiction over Plaintiff's trade dress and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1338(b).

10. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

11. This Court has personal jurisdiction over Defendant Wu because:

(A) On April 30, 2026, Defendant Wu filed a formal DMCA counter-notification pursuant to 17 U.S.C. § 512(g)(3) regarding ASIN B0GLXBJKCX, explicitly consenting to the jurisdiction of the Federal District Court for any judicial district in which the service provider (Amazon) may be found. Amazon.com, Inc. and its affiliates regularly conduct business in the District of Columbia, including by selling and shipping goods to District residents through the Amazon Marketplace, and may be found within this District;

(B) Defendant Wu has consigned inventory of his infringing products to Amazon's "Fulfillment by Amazon" (FBA) program for warehousing and distribution within the United States, and has thereby caused that infringing inventory to be shipped, in response to U.S. consumer orders, into U.S. judicial districts including the District of Columbia. Defendant Wu's commercial relationship with the Amazon Marketplace — through which he listed his products in U.S. dollars, accepted orders from U.S. consumers, and earned revenue from U.S. sales — was directed at the United States generally and at this District specifically through such fulfillments;

(C) In the same counter-notification, Defendant Wu explicitly agreed to accept service of process from the Plaintiff.

(D) The counter-notification independently supports jurisdiction for ASIN B0GLXBJKCX. The remaining Infringing Listings arise from the same storefront, the same seller operation, the same copied creative material, and the same U.S.-directed Amazon sales channel, and are also independently

supported by Defendants' direct sales and shipments into this District;

(E) Defendants purposely availed themselves of the privilege of conducting business in the District of Columbia. Plaintiff conducted test purchases of the infringing products (Amazon Order Numbers 111-9370357-6204227 and 111-5870636-3661805), which were shipped via the FBA program and delivered to an address within the District of Columbia; and

(F) Defendants have further purposefully availed themselves of the protections and obligations of the United States legal system by registering the trademark "SMAODSGN" with the U.S. Patent and Trademark Office (Reg. No. 7322579), which registration remains in effect, and which application required Defendants to designate a domestic representative for service of process under 15 U.S.C. § 1051(e). Defendants' affirmative pursuit of U.S. trademark rights, their continuous maintenance of that registration, and their designation of a U.S.-based representative on whom notices and process may be served reflect a deliberate and ongoing engagement with the United States as a commercial and legal forum. Defendant Zhuocheng has likewise purposefully availed itself of this forum by registering with Amazon.com as the entity identified as the official company name and address of the SMAODSGN seller — and, through that registration, directly listing products for sale to U.S. consumers in U.S. dollars, accepting orders from U.S. consumers, and earning revenue from U.S. sales of the Infringing Listings, including sales fulfilled into this District.

12. Pursuant to 28 U.S.C. § 1391(b) and (c), venue is proper in this district because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and, (ii) Plaintiff's primary place of business is in the District of Columbia.

13. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases) because Plaintiff or Plaintiff's agent resides or may be found in this District.

## PARTIES

14. The allegations contained in paragraphs 1-13 are hereby re-alleged as if fully set forth herein.

15. Plaintiff **KANDI BAR LLC** is a District of Columbia Limited Liability Company organized under the laws of the District of Columbia (file number L00006302540, originally registered May 20, 2019, and amended to its current name, "kandi bar," effective August 11, 2020), having its principal place of business at 1835 7th St. NW, #183, Washington, DC 20001. Plaintiff's sole member, manager, and authorized agent is David Michael, a resident of the District of Columbia.

16. Defendant **SHAOGUANG WU**, on information and belief, an individual residing in the People's Republic of China. Defendant Wu does business in the United States, including in this District, under the Amazon storefront name "SMAODSGN" (the "SMAODSGN Storefront"). Defendant Wu has identified himself, under penalty of perjury in his April 30, 2026 counter-notification under 17 U.S.C. § 512(g), as using the email address wangwei202211@126.com, the telephone number +86 13332925852, and the mailing address Room 501, Ruiji Factory, Building D, No. 3, Zaohekeng, Jixia Community, Nanwan Subdistrict, Shenzhen, China, which happens to be the same physical address as the registered corporate address of Defendant Zhuocheng

identified below.

17. Defendant **WANG WEI** is, on information and belief, an individual residing in the People's Republic of China at Room 602, Building 2, Defuyuan, Dexing Garden, Xihuan Road, Longgang District, Shenzhen, Guangdong, China 518172. Defendant Wang Wei is identified in U.S. Patent and Trademark Office records as the owner of U.S. Trademark Registration No. 7322579 for the mark "SMAODSGN." Plaintiff names Defendant Wang Wei because he is the U.S. trademark registrant of the SMAODSGN mark — the storefront name under which the infringing conduct alleged in this Complaint is carried out.

18. Defendant **SHENZHENSHI ZHUOCHENGJIAJUYOUXIANGONGSI** is a corporation organized under the laws of the People's Republic of China. Defendant Zhuocheng's registered corporate address is Room 501, Ruiji Factory, Building D, No. 3, Zaohekeng, Jixia Community, Nanwan Subdistrict, Shenzhen, Guangdong, China 518000 — the same address Defendant Wu provided in his April 30, 2026 § 512(g) counter-notification. Defendant Zhuocheng is the entity identified on Amazon.com as the official company name and address of the SMAODSGN seller, and is the corporate entity through which the business of the SMAODSGN Storefront is conducted on the Amazon Marketplace, including the offering for sale, sale, and shipment of the Infringing Listings into the United States.

19. Defendants **JOHN DOES 1–10** are individuals or entities who, on information and belief, are principals, agents, employees, suppliers, co-venturers, or other associated parties of Defendant Wu in the operation of the SMAODSGN Storefront, including but not limited to (i) the entity or person identified on Amazon as the legal "Sold by" seller of record for the SMAODSGN Storefront, and (ii) any successor seller account that Defendant Wu may operate or cause to be operated. The true names and capacities of Defendants JOHN DOES 1–10 are presently unknown

to Plaintiff. Plaintiff will seek leave to amend this Complaint to identify JOHN DOES 1–10 once their identities are ascertained.

## FACTUAL ALLEGATIONS

20. The allegations contained in paragraphs 1-19 are hereby re-alleged as if fully set forth herein.

21. Plaintiff is the creator of creative, artistic, novel, and collectible bracelets, particularly wearable novelty bracelets, which feature various words in a beaded-format along with other colorful beads, oftentimes commonly referred to as "kandi bracelets" (hereinafter, "Plaintiff's Goods").

22. Through significant investment of time, creative effort, and capital since 2018, Plaintiff has achieved significant commercial success and widespread consumer recognition for this specific category of goods on the Amazon.com marketplace.

23. The market for these specific types of goods is highly concentrated. Plaintiff was the substantially exclusive seller of curated, pre-made kandi-bracelet packs for more than five years from 2018 through 2023. Within approximately the past two years, three additional sellers have entered the market, at least two of whom are active infringers of Plaintiff's Registered Works.

24. For approximately eight years, Plaintiff has been selling Plaintiff's Goods on AMAZON, as well as Plaintiff's own online store and third-party brick-and-mortar stores.

25. Plaintiff is the author and exclusive owner of two original works registered with the United States Copyright Office (hereinafter, "Plaintiff's Registered Works"):

(A) "kandi bar's Spring 2023 kandi sayings," registered under U.S. Copyright Registration No. TX 9-389-182, with an effective registration date of April 30, 2024. The deposit copy filed in support of that registration comprises (i) approximately 118 original phrases composed by Plaintiff, organized across

multiple themed collections including “Good Vibes Spring 2023,” “EDM Life Spring 2023,” and “Party Hard Spring 2023”; and (ii) ten (10) original photographs taken by Plaintiff that depict Plaintiff’s bracelets bearing those phrases. A true and correct copy of the certificate of registration is attached as Exhibit A.

(B) “kandi bar’s 2024 kandi sayings,” initially registered as an unpublished work under U.S. Copyright Registration No. TXu 2-446-248, with an effective registration date of August 27, 2024, and which Plaintiff has since published. The deposit copy filed in support of that registration comprises (i) approximately 233 original phrases composed by Plaintiff, organized across multiple themed collections including “Good Vibes Spring 2024,” “EDM Life Spring 2024,” “Party Hard Spring 2023,” “kandi bar EDM Life Fall 2024,” “kandi bar Good Vibes Fall 2024,” and “kandi bar Party Hard Fall 2024,” approximately 60 of which also appear in the deposit copy of TX 9-389-182; and (ii) twenty-eight (28) original photographs taken by Plaintiff that depict Plaintiff’s bracelets bearing those phrases and other images that are incorporated into the Plaintiff’s product listings. A true and correct copy of the certificate of registration is attached as Exhibit B.

26. Plaintiff’s Registered Works contain original creative content — including original phrases composed by Plaintiff, original photographs taken by Plaintiff that depict bracelets bearing those phrases, and Plaintiff’s original organization of that material into themed collections.

27. Plaintiff does not claim ownership over the generic concept of “kandi” bracelets, common bead colors, or any individual phrase considered in isolation as a free-standing literary

work.

28. Plaintiff's Complaint is directed to Defendants' copying of the original creative content of Plaintiff's Registered Works, including the original phrases composed by Plaintiff, the original photographs Plaintiff took depicting bracelets bearing those phrases, and the original arrangement of that material into themed collections.

29. Plaintiff published these Registered Works prior to Defendants' infringement by prominently displaying photographs of the physical bracelets embodying these exact curated phrases as the main product images on Plaintiff's Amazon storefront and Plaintiff's ecommerce website.

30. The kandi bar Trade Dress consists of the overall visual presentation of Plaintiff's bracelet packs, including the recurring combination and arrangement of bead colors, phrase styling, product grouping, and marketplace presentation, taken together as a source-identifying whole.

31. Plaintiff has substantially, exclusively, and continuously used the kandi bar Trade Dress in commerce in the United States since 2018, including for an uninterrupted period of more than five years from 2018 through 2023. During that period of substantially exclusive and continuous use, Plaintiff achieved significant commercial success, high Amazon sales volume, and widespread consumer recognition in a highly concentrated market featuring only a handful of sellers. As a result of that substantially exclusive and continuous use, the kandi bar Trade Dress has acquired secondary meaning, and the consuming public uniquely associates this specific visual presentation and curation of phrases with Plaintiff.

32. Plaintiff does not claim trade dress rights in functional bracelet components or generic rave aesthetics standing alone.

33. Defendants accessed Plaintiff's Amazon listings and engaged in wholesale copying

of original creative content from Plaintiff's Registered Works. Defendants extracted Plaintiff's original phrases and photographic compositions directly from Plaintiff's main listing images and reproduced them in physical bracelets and listing photography across the SMAODSGN Storefront.

34. Defendants then used this extracted creative material to manufacture identical physical knock-off bracelets. Defendants created at least seven distinct product listings on Amazon (the "Infringing Listings") offering these products under the SMAODSGN storefront.

35. The Infringing Listings (ASINs B0GLXBJKCX, B0GLX25LW1, B0GLWWLFXT, B0FH1HMGHD, B0FH1FJCTN, B0FH1BYGW1, and B0F4QK21DW) unlawfully reproduce original creative content from Plaintiff's Registered Works. By way of example, in the test purchase of one of the Infringing Listings (ASIN B0FH1FJCTN), eighteen of the thirty-two bracelets received in the pack bore character-for-character reproductions of phrases included in Plaintiff's Registered Works. In each of the Infringing Listings, a substantial fraction — in many cases a majority — of the bracelets in the pack bear either character-for-character or substantially-similar reproductions of phrases from Plaintiff's Registered Works. The reproduced phrases include unusual and idiosyncratic constructions that appear both in Plaintiff's Registered Works and on Defendants' bracelets in the same character-for-character form — for example, "DJ DID ME RIGHT" and "TEN OUTTA TEN."

36. In a single test purchase consisting of one unit of each of the seven Infringing Listings, the bracelets received contained a total of eighty-five (85) character-for-character verbatim reproductions of phrases from Plaintiff's Registered Works. The volume, specificity, and character-for-character or substantially-similar nature of the copying makes independent creation implausible.

37. The listing photograph on each of the Infringing Listings depicts bracelets bearing

such phrases.

38. The Amazon order confirmations and receipts for the test purchases are attached as Exhibit C.

39. Photographs of the packaging and contents received from the test purchases are attached as Exhibit D.

40. In addition to the eighty-five (85) character-for-character reproductions, the test purchases included further bracelets bearing phrases that are substantially similar to — but not character-for-character identical to — phrases in Plaintiff's Registered Works, including phrases that adopt Plaintiff's idiosyncratic and original constructions in shortened, extended, or otherwise minimally varied form (for example, "BEE YOU," an abbreviated variant of Plaintiff's registered "BEE BRAVE BEE YOU," preserving Plaintiff's original nonstandard spelling and styling).

41. The presence of both verbatim reproductions and substantially similar variants on bracelets sold within the same Infringing Listings, including reproductions of Plaintiff's nonstandard spellings, reinforces that Defendants' source material was Plaintiff's Registered Works rather than independent creation.

42. Each Infringing Listing is sold as a curated multi-bracelet pack.

43. The visual presentation of the multi-bracelet pack, as a whole (i.e., the assembled appearance of the bracelets in beaded form, the color groupings across the pack, the pack size, and the photographic presentation on the Amazon listing page), copies Plaintiff's product presentation.

44. Bracelets within the multi-bracelet pack that do not themselves bear a verbatim or substantially similar registered phrase nevertheless participate in, and contribute to, the overall visual presentation that Defendants have copied from Plaintiff's listings.

45. On information and belief, Defendants operate, or are in the process of creating,

additional Amazon listings beyond the seven Infringing Listings specifically identified above that incorporate the same or substantially similar protectable elements of Plaintiff's Registered Works.

46. By way of example, Plaintiff has identified ASINs B0GRYG6121, B0GRZHVWBC, and B0GRZQBLTR as additional listings operated under or in association with the SMAODSGN Storefront, each of which on its face offers for sale a product substantially similar in composition, content, and presentation to the seven Infringing Listings.

47. The references in this Complaint to "the Infringing Listings" should be understood to include any such additional listings, whether existing as of the date of this Complaint or created hereafter by Defendants in response to Plaintiff's enforcement efforts, to the extent they likewise reproduce or are substantially similar to protectable elements of Plaintiff’s Registered Works. Plaintiff reserves the right to amend this Complaint to add specific allegations and damages with respect to ASINs B0GRYG6121, B0GRZHVWBC, and B0GRZQBLTR and any further such listings as they are identified or test-purchased.

48. Between April 18, 2026 and April 28, 2026, Plaintiff submitted a series of separate, individual DMCA takedown notices to Amazon, each specifically targeting one of the respective Infringing Listings.

49. Amazon subsequently disabled access to two of the listings (ASINs B0GLX25LW1 and B0GLXBJKCX).

50. Five of the seven Infringing Listings (ASINs B0F4QK21DW, B0FH1BYGW1, B0FH1FJCTN, B0FH1HMGHD, and B0GLWWLFXT) remain live on the Amazon Marketplace as of the date of this Complaint.

51. On April 30, 2026, Defendant Wu submitted a formal counter-notification under 17 U.S.C. § 512(g) for the notice corresponding to ASIN B0GLXBJKCX, declaring under penalty

of perjury that the material was removed as a result of mistake or misidentification. A true and correct copy of the April 30, 2026 counter-notification is attached as Exhibit E.

52. Defendant Wu's representation was a knowing material misrepresentation. Defendant Wu personally caused the bracelets in the B0GLXBJKCX listing to be manufactured, photographed, and listed on Amazon.

53. Defendant Wu had personal knowledge that the bracelets in the B0GLXBJKCX listing bear character-for-character reproductions of phrases from Plaintiff's Registered Works, and that the listing photograph depicts those bracelets.

54. Defendant Wu could not subjectively have believed that the listing's removal resulted from "mistake or misidentification."

55. The Court should also infer subjective knowledge of falsity from the volume and verbatim character of the copying across the SMAODSGN Storefront, specifically, the volume and consistency of character-for-character reproductions of registered phrases on Defendants' bracelets across the seven Infringing Listings, and from Defendants' continuation of materially identical conduct on other listings despite each successive DMCA notice from Plaintiff.

56. Under 17 U.S.C. § 512(g)(2)(C), the filing of this lawsuit within ten to fourteen business days of the counter-notification is the statutory mechanism required to prevent Amazon from automatically restoring the counter-noticed listing.

57. Defendants further continue to operate the five remaining live Infringing Listings.

58. Exacerbating this harm, Defendants actively target Plaintiff's consumers by purchasing Amazon advertising placements directly against Plaintiff's product pages, causing ongoing lost sales, price erosion, marketplace confusion, and dilution of Plaintiff's source-identifying presentation.

59. Evidencing an intent to obfuscate their operations and evade service, Defendants utilized mismatched names and multiple, differing email addresses during the DMCA process and subsequent communications (e.g., swearing to wangwei202211@126.com in federal documents while privately communicating from guiqing001204@163.com).

60. Defendant Wu's address is in the People's Republic of China. Defendant Wu has, however, expressly consented in his April 30, 2026 § 512(g) counter-notification to accept service of process from Plaintiff and has provided email channels through which he can be served. Plaintiff will accordingly effect service on Defendant Wu by electronic mail in the first instance, and, if Defendant Wu does not accept service through that channel, reserves the right to seek alternative service under Federal Rule of Civil Procedure 4(f)(3).

61. Defendant Wu has, however, provided multiple direct contact channels — including the email addresses wangwei202211@126.com (sworn under penalty of perjury in his April 30, 2026 § 512(g) counter-notification) and guiqing001204@163.com (used by Defendants in subsequent communications) — and has expressly agreed in that counter-notification to accept service of process from Plaintiff.

62. Since Defendant Wu submitted the Counter Notice and continues to sell counterfeit versions of Plaintiff's products online, Plaintiff has filed this lawsuit for copyright infringement and unfair methods of competition; unfair and deceptive acts and practices.

63. Defendants' infringement is continuous and ongoing, and absent this lawsuit, Plaintiff knows of no way to effectively prevent Defendants from infringing Plaintiff's Registered Works.

64. Plaintiff is entitled to seek statutory damages and attorneys' fees under 17 U.S.C. § 501 of the United States Copyright Act.

**COUNT I**
**Copyright Infringement (17 U.S.C. § 501 et seq.)**

65. The allegations contained in paragraphs 1-64 are hereby re-alleged as if fully set forth herein.

66. Plaintiff owns valid, registered copyrights in Plaintiff's Registered Works, which include original works of Plaintiff's authorship.

67. Defendants had access to Plaintiff's Registered Works via Plaintiff's public Amazon listings.

68. Defendants copied protectable elements of Plaintiff's Registered Works, including by: (i) reproducing — character-for-character — original phrases composed by Plaintiff on physical bracelets sold to consumers; (ii) reproducing on additional physical bracelets phrases that are substantially similar to phrases in Plaintiff's Registered Works, including in shortened, extended, or otherwise minimally varied form that preserves Plaintiff's idiosyncratic constructions and nonstandard spellings; and (iii) reproducing creative compositional elements of Plaintiff's registered photographs in the listing photographs of the Infringing Listings.

69. Defendants infringed Plaintiff's exclusive rights of: (i) reproduction under 17 U.S.C. § 106(1); (ii) distribution under 17 U.S.C. § 106(3); and (iii) public display under 17 U.S.C. § 106(5), by:

(A) reproducing original phrases from Plaintiff's Registered Works on physical bracelets sold under the Infringing Listings;

(B) reproducing creative compositional elements of the registered photographs in the listing photographs displayed publicly to consumers on the Amazon.com marketplace; and

(C) distributing copies of the infringing bracelets to the public, including by

shipment to consumers in this District.

70. To the extent the physical bracelets are deemed adaptations of Plaintiff's Registered Works, Defendants also infringed Plaintiff's exclusive right to prepare derivative works under 17 U.S.C. § 106(2).

71. Defendants' infringement was, and continues to be, willful within the meaning of 17 U.S.C. § 504(c)(2), based on the facts alleged in the preceding paragraphs, including: (i) Defendant Wu's personal knowledge that the bracelets sold under the Infringing Listings bear character-for-character reproductions of registered phrases; (ii) Defendants' continuation of materially identical conduct on multiple Infringing Listings despite each successive DMCA takedown notice from Plaintiff; (iii) Defendant Wu's submission of a sworn counter-notification falsely representing that the removal of B0GLXBJKCX was the result of mistake or misidentification; and (iv) Defendants' active targeting of Plaintiff's consumers by purchasing Amazon advertising placements directly against Plaintiff's product pages.

72. Plaintiff has been and continues to be damaged by Defendants' infringement of Plaintiff's Registered Works.

73. Pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover its actual damages and Defendants' profits attributable to the infringement that are not taken into account in computing the actual damages.

74. In the alternative, at Plaintiff's election before final judgment, Plaintiff is entitled under 17 U.S.C. § 504(c) to statutory damages of up to $150,000.00 per work for the willful infringement of each of Plaintiff's Registered Works.

75. Plaintiff is entitled to preliminary and permanent injunctive relief under 17 U.S.C. § 502 prohibiting Defendants from further infringement of Plaintiff's Registered Works, including

an order requiring Defendants to remove from the Amazon Marketplace each of the Infringing Listings currently operated by Defendants, and to impoundment and destruction of infringing copies and the means of producing them under 17 U.S.C. § 503.

76. Plaintiff registered each of Plaintiff's Registered Works with the U.S. Copyright Office before the commencement of Defendants' infringement, and is therefore not barred under 17 U.S.C. § 412 from recovering statutory damages under 17 U.S.C. § 504(c) or attorneys' fees under 17 U.S.C. § 505, and accordingly, Plaintiff is entitled to its full costs and reasonable attorneys' fees under 17 U.S.C. § 505.

**COUNT II**
**Trade Dress Infringement and Unfair Competition**
**(15 U.S.C. § 1125(a))**

77. The allegations contained in paragraphs 1-76 are hereby re-alleged as if fully set forth herein.

78. The kandi bar Trade Dress is distinctive, non-functional, and serves to identify Plaintiff as the source of the goods.

79. In a highly concentrated market, Defendants' unauthorized use of identical trade dress in commerce on identical goods is intended to, and is highly likely to, cause confusion, mistake, or deception among consumers as to the affiliation, connection, or association of Defendants' products with Plaintiff.

80. Defendants' conduct constitutes unfair competition and trade dress infringement under Section 43(a) of the Lanham Act.

81. The kandi bar Trade Dress is non-functional, as the bead colors, phrase styling, product grouping, and marketplace presentation that comprise the trade dress are aesthetic choices, not features that are essential to the use or purpose of a kandi-style bracelet pack or that affect its

cost or quality.

82. The kandi bar Trade Dress has acquired secondary meaning, as alleged in greater detail in the Plaintiff's Trade Dress section above.

83. Plaintiff has continuously and exclusively used the trade dress since 2018; the relevant market is highly concentrated; Plaintiff has achieved significant Amazon sales volume and consumer recognition; and competing sellers — including Defendants — have engaged in intentional copying of the trade dress, which is itself probative of secondary meaning.

84. Defendants' use of identical or substantially identical trade dress on identical goods, sold through the same Amazon marketplace and through targeted advertising placements against Plaintiff's own product pages, is highly likely to cause consumer confusion as to the source, sponsorship, or affiliation of Defendants' goods.

85. Plaintiff is entitled to recover, pursuant to 15 U.S.C. § 1117(a), Defendants' profits, Plaintiff's actual damages, and the costs of this action, and to enhanced damages up to three times Plaintiff's actual damages or Defendants' profits in light of Defendants' willful conduct.

86. This is an exceptional case warranting an award of Plaintiff's reasonable attorneys' fees under 15 U.S.C. § 1117(a).

**COUNT III**
**Misrepresentation under the DMCA**
**(17 U.S.C. § 512(f))**

87. The allegations contained in paragraphs 1-86 are hereby re-alleged as if fully set forth herein.

88. Defendant Wu knowingly and materially misrepresented in his April 30, 2026 counter-notification that the infringing material was removed due to mistake or misidentification.

89. Defendant Wu submitted that sworn statement with actual knowledge of its falsity.

The factual basis for that actual knowledge is set forth in paragraphs 52–55 above and is incorporated herein by reference.

90. No subjective good-faith belief that the listing's removal was the result of "mistake or misidentification" was possible.

91. As a direct result of this misrepresentation, Plaintiff has been injured and has incurred damages, including (i) attorneys' fees and costs incurred to prevent the restoration of the infringing listing and to prosecute this action, (ii) lost sales and lost profits attributable to the period during which the counter-noticed listing would have been restored, (iii) harm to Plaintiff's brand reputation and commercial goodwill caused by the continued availability of counterfeit goods bearing reproductions of Plaintiff's Registered Works, and (iv) such other damages as may be proven at trial. Plaintiff is entitled to recover all damages available under 17 U.S.C. § 512(f), including any actual damages and costs of suit.

**COUNT IV**
**Common Law Unfair Competition**
**(Passing Off)**

92. The allegations contained in paragraphs 1-92 are hereby re-alleged as if fully set forth herein.

93. Defendants are passing off their counterfeit bracelets as authentic kandi bar products by:

(A) designing the visual presentation of the Infringing Listings to mimic Plaintiff's listings — including by reproducing creative compositional elements of Plaintiff's registered photographs and Plaintiff's curated selection of phrases — in a manner calculated to cause consumers searching for Plaintiff's products to believe Defendants' goods are Plaintiff's goods or

are otherwise associated with, sponsored by, or affiliated with Plaintiff;

(B) listing the Infringing Listings in the same Amazon categories as Plaintiff, with similar product titles and similar pack structures; and

(C) purchasing targeted Amazon advertising placements directly against Plaintiff's specific Amazon product pages, intercepting consumers who are searching for Plaintiff's products and presenting Defendants' counterfeit goods as alternatives.

94. Defendants' conduct constitutes palming-off and source confusion in violation of the common law of the District of Columbia.

95. The conduct alleged in this Count is directed at consumer source confusion and the misappropriation of Plaintiff's commercial goodwill, and is qualitatively different from, and not preempted by, Plaintiff's federal copyright claims under 17 U.S.C. § 301.

96. Plaintiff has been and continues to be damaged by Defendants' passing off, including through diversion of sales and harm to Plaintiff's commercial goodwill in the Amazon marketplace.

97. Furthermore, Plaintiff has been additionally damaged by Defendants' unfair methods of competition and unfair and deceptive acts and practices, as consumers of Plaintiff's Goods have purchased the unauthorized counterfeit versions of Plaintiff's Goods from Defendants on AMAZON, instead of purchasing Plaintiff's Goods from Plaintiff, and upon information and belief, it appears that Plaintiff's reputation may have been damaged due to Defendant's creation and selling of lower-quality counterfeit versions of Plaintiff's Goods.

98. As an actual and proximate result of Defendants' unfair competition, Defendants have unjustly enriched themselves by, among other things, obtaining profits, depriving Plaintiff of

the compensation to which it is rightly entitled, and taking credit for Plaintiff's original work.

99. Plaintiff is thus entitled to restitution of such sums in an amount to be proved at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in its favor and grant the following relief:

(A) A declaration that Defendants have willfully infringed Plaintiff's copyrights and trade dress;

(B) Preliminary and permanent injunctions prohibiting Defendants from reproducing, distributing, publicly displaying, or selling any physical goods or listing photographs embodying copied protectable elements of Plaintiff's Registered Works or the kandi bar Trade Dress; mandating Defendants to take, within forty-eight (48) hours of entry of any order, all steps within their power to cause each Infringing Listing then live on the Amazon.com marketplace (including without limitation ASINs B0F4QK21DW, B0FH1BYGW1, B0FH1FJCTN, B0FH1HMGHD, B0GLWWLFXT, B0GRYG6121, B0GRZHVWBC, and B0GRZQBLTR) to be removed from the Amazon Marketplace, including by deleting, closing, or unpublishing those listings through Amazon's seller-facing tools; and prohibiting Defendants from creating, listing, or causing to be listed any successor, substitute, or new listing — including under any new or different ASIN, any new or different Amazon seller account, or on any other commercial channel — offering for sale a product that incorporates, or is substantially similar in composition or content to, the protectable elements of Plaintiff's Registered Works or any of the Infringing Listings;

(C) An order pursuant to 17 U.S.C. § 512(g)(2)(C), in addition to the broader injunctive relief sought in subparagraph (B) above, restraining Defendant Wu and his agents from

re-listing or otherwise causing the restoration of ASIN B0GLXBJKCX or any infringing content thereon, and providing that Amazon is to leave that listing and its associated content removed pending further order of this Court;

(D) An order requiring destruction or other lawful disposition of infringing inventory within Defendants' possession, custody, or control, including inventory held under Amazon's "Fulfillment by Amazon" program corresponding to the Infringing Listings, with the procedural mechanism for impoundment and disposition to be set forth in the order, including the suspension of Defendants' ability to liquidate or transfer such inventory pending disposition;

(E) An order preserving, restraining, or accounting for Defendants' proceeds from the Infringing Listings to the extent permitted by law, including the freezing of any withheld balance in Defendants' Amazon merchant account(s) pending judgment;

(F) An award of statutory damages to the maximum extent permitted under 17 U.S.C. § 504(c), including enhanced statutory damages (e.g., treble damages) for willful infringement up to $150,000.00 per work for the willful infringement of each of Plaintiff's Registered Works, or in the alternative, an award of actual damages and Defendants' profits — including lost sales, lost profits, harm to Plaintiff's brand reputation and commercial goodwill, and all other damages to which Plaintiff is entitled under applicable law;

(G) An award of damages under 17 U.S.C. § 512(f) for Defendants' knowing DMCA misrepresentation;

(H) Expedited third-party discovery from Amazon.com, Inc. and its affiliated payment processors, sufficient to identify:

1. Defendants JOHN DOES 1–10 and the true legal seller of record for the SMAODSGN Storefront;

2. The bank accounts, routing numbers, and other financial instrumentalities through which Defendants receive revenue;
3. Complete historical sales data for the Infringing Listings, including total quantity of infringing goods sold and gross revenue generated;
4. The current withheld balance and past disbursement history of Defendants' merchant accounts;
5. Any other Amazon seller accounts or storefronts associated with Defendants' tax identifiers, bank accounts, or login IP addresses;
6. The current inventory of infringing products held by Amazon under the FBA program, as well as historical inbound shipment records; and
7. The source of supply and manufacturing origin of the infringing bracelets;

(I) An award of Plaintiff's reasonable attorneys' fees and costs under 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable authority;

(J) Such other and further relief as the Court deems just and proper, including, if necessary, authorization of alternative service of process upon Defendant Wu under Federal Rule of Civil Procedure 4(f)(3) and such expedited discovery as may be required to identify Defendants JOHN DOES 1–10.

**DEMAND FOR A JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: May 13, 2026

Respectfully submitted,
*Attorney for Plaintiff*

/s/ Lev Iwashko
By: Lev Ivan Gabriel Iwashko, Esq.

DC Bar No.: 1022054
The Iwashko Law Firm, PLLC
1250 Connecticut Ave. NW
Suite 700 PMB 5165
Washington, DC 20036
(202) 441-5043
Lev@iwashkoLaw.com

**CERTIFICATE OF SERVICE**

I hereby certify, on this 13th Day of May, 2026, that true and correct copies of the foregoing Complaint, Summons, and Civil Cover Sheet were e-filed via the ECF system, and were served on Defendants by electronic mail to the email addresses identified in this Complaint, to:

**SHAOGUANG WU, an individual, dba "SMAODSGN" on Amazon.com**,
Room 501, Ruiji Factory
Building D, No. 3
Zaohekeng, Jixia Community
Nanwan Subdistrict, Shenzhen
Guangdong, China 518000
Email: wangwei202211@126.com

**WANG WEI**
Room 602, Building 2
Defufuan, Dexing Garden
Xihuan Road
Longgang District, Shenzhen
Guangdong, China 518172
Email: wangwei202211@126.com

**SHENZHENSHI ZHUOCHENGJIAJU-YOUXIANGONGSI (Shenzhen City Zhuocheng Home Furnishing Co., Ltd.)**
Room 501, Ruiji Factory
Building D, No. 3
Zaohekeng, Jixia Community
Nanwan Subdistrict, Shenzhen
Guangdong, China 518000
Email: wangwei202211@126.com

By: Lev Ivan Gabriel Iwashko, Esq.
DC Bar No.: 1022054
The Iwashko Law Firm, PLLC
1250 Connecticut Ave. NW
Suite 700 PMB 5165
Washington, DC 20036
(202) 441-5043
Lev@iwashkoLaw.com